[625 NYS2d 86]

In the Matter of JOHN DIPIETRO (Admitted as JOHN JOSEPH DIPIETRO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 10, 1995

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Muriel Gennosa* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with two

allegations of professional misconduct. The Special Referee sustained both charges. The petitioner moves to confirm the report of the Special Referee. The respondent has not submitted any papers in opposition.

Charge One alleged that in or about July or August of 1990, the respondent sought financing for the purchase of a residence at 14 Chateau Drive, Dix Hills, New York, through a mortgage brokerage service, Sterling Financial Services (hereinafter Sterling). Residential Mortgage Banking, Inc. (hereinafter Residential) received the respondent's mortgage application from Sterling in or about August 1990. The mortgage application received by Residential listed under the Statement of Assets and Liabilities section a cash deposit of $100,000. As part of the supporting documentation in the processing of the respondent's mortgage application Sterling received a HUD-1 settlement statement (hereinafter the HUD-1), by facsimile transmission on August 6, 1990, indicating its origin as the office of SMITH-MINES, DIPIETRO.

The HUD-1 falsely memorialized the sale of vacant land at DeForest Road in Dix Hills from the respondent, as seller, to MDJD Development Corporation, as purchaser, on April 27, 1990. However, the sale was not consummated on that date. The HUD-1 bears a forged signature of the settlement agent, James Breen. The HUD-1 was forwarded to Residential to substantiate the source of the down payment proceeds relating to the Chateau Drive purchase.

By the foregoing actions, the respondent violated Code of Professional Responsibility DR 1-102 (A) (3), (4) and (7) (now [8]) (22 NYCRR 1200.3).

Charge Two is premised on the facts of Charge One and alleged that the respondent's use and delivery of the fraudulent HUD-1 settlement statement in an attempt to mislead the lending institution to grant financing for the purchase of the Chateau Drive residence violated Code of Professional Responsibility DR 1-102 (A) (3), (4) and (7) (now [8]) (22 NYCRR 1200.3).

We find, upon our examination of the evidence, that the Special Referee properly sustained both charges. The petitioner's motion to confirm is therefore granted. It is the decision of this Court that the respondent be suspended from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, John DiPietro, is suspended from the practice of law for a period of one year, commencing May 11, 1995, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John DiPietro, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.